IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03346-KLM

BLANCA FUENTES,

    Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

    Defendant.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court[1] on the **Social Security Administrative Record** [#7],[2] filed February 23, 2015, in support of Plaintiff's Complaint [#1] seeking review of the decision of Defendant Carolyn W. Colvin, Acting Commissioner of the Social Security Administration, ("Defendant" or "Commissioner") denying Plaintiff's claim for disability insurance benefits pursuant to Title II of the Social Security Act (the "Act"), 42 U.S.C. § 401 et seq., and for supplemental security income benefits pursuant to Title XVI of the Act, 42 U.S.C. § 1381 et seq. On April 22, 2015, Plaintiff filed an Opening Brief [#10] (the "Brief"). Defendant filed a Response [#11] in opposition, and Plaintiff filed a Reply [#12]. The Court has jurisdiction to review the Commissioner's final decision under 42 U.S.C. §§ 405(g) and

---

[1] The parties consented to proceed before the undersigned for all proceedings pursuant to 28 U.S.C. § 636(c) and D.C.COLO.LCivR 72.2.  *See Order of Reference* [#17].

[2] "[#7]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

1383(c). The Court has reviewed the entire case file and the applicable law and is sufficiently advised in the premises. For the reasons set forth below, the decision of the Commissioner is **REVERSED** and this case is **REMANDED** for further proceedings.

## I. Factual and Procedural Background

Plaintiff alleges that she became disabled at the age of thirty-eight on April 6, 2003, due to a variety of impairments. Tr. 225, 229 (stating "1. Left shoulder injury; left arm injury; waist and hip injury" and "2. anemic; high blood pressure").[3] On January 18, 2011, Plaintiff filed applications for disability insurance benefits under Title II and for supplemental security income under Title XVI. Tr. 193, 197. On March 26, 2013, an Administrative Law Judge (the "ALJ") issued an unfavorable decision. Tr. 25.

The ALJ determined that Plaintiff met the insured status requirements of the Act through March 31, 2009, and that Plaintiff had not engaged in substantial gainful activity ("SGA") since October 10, 2008 (the amended alleged onset date of her disability). Tr. 18. The ALJ found that Plaintiff suffers from three severe impairments: (1) degenerative disc disease, (2) abdominal pain related to ovarian cysts and degenerative disc disease, and (3) right shoulder tendinopathy. Tr. 18. However, the ALJ also found that these impairments, individually or in combination, do not meet or medically equal "the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926)." Tr. 19. The ALJ next concluded that Plaintiff has the residual functional capacity ("RFC") to perform light

---

[3] The Court refers to the Transcript of the Administrative Proceedings, located at Docket Nos. 7, 7-1, 7-2, 7-3, 7-4, 7-5, 7-6, 7-7, and 7-8, by the sequential transcript numbers instead of the separate docket numbers.

work. Tr. 19.

> Specifically, the claimant is able to lift/carry/push/pull up to 20 pounds occasionally and ten pounds frequently. She is able to stand/walk for about six hours and sit up for up to six hours in an eight-hour workday, with normal breaks. She is unable to climb ladders/ropes/scaffolds, but is occasionally able to climb ramps/stairs, balance, stoop, kneel, crouch, and crawl. The claimant should avoid concentrated exposure to unprotected heights and use of moving machinery.

Tr. 19-20. Based on the RFC and the testimony of an impartial vocational expert ("VE"), the ALJ found that Plaintiff was unable to perform any past relevant work but that "there are jobs that exist in significant numbers in the national economy that the claimant can perform . . . ." Tr. 23-24. Specifically, based on the testimony of the VE, the ALJ concluded that Plaintiff could perform the representative occupations of inspector, laundry worker, and garment sorter. Tr. 24. He therefore found Plaintiff not disabled at step five of the sequential evaluation. Tr. 24. The ALJ's decision has become the final decision of the Commissioner for purposes of judicial review. 20 C.F.R. §§ 404.981, 416.1481.

## II. Standard of Review and Applicable Law

Pursuant to the Act:

> [T]he Social Security Administration is authorized to pay disability insurance benefits and Supplemental Security Income to persons who have a "disability." A person qualifies as disabled, and thereby eligible for such benefits, "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy."

*Barnhart v. Thomas*, 540 U.S. 20, 21-22 (2003) (quoting 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B)). Under the applicable legal standard, a claimant is disabled if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last

for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a); *see also Wall v. Astrue*, 561 F.3d 1048, 1051 (10th Cir. 2009) (quoting 20 C.F.R. § 416.905(a)). The existence of a qualifying disabling impairment must be demonstrated by "medically acceptable clinical and laboratory diagnostic" findings. 42 U.S.C. §§ 423(d)(3), 423(d)(5)(A).

"When a claimant has one or more severe impairments the Social Security [Act] requires the [Commissioner] to consider the combined effects of the impairments in making a disability determination." *Campbell v. Bowen*, 822 F.2d 1518, 1521 (10th Cir. 1987) (citing 42 U.S.C. § 423(d)(2)(C)). However, the mere existence of a severe impairment or combination of impairments does not require a finding that an individual is disabled within the meaning of the Act. To be disabling, the claimant's condition must be so functionally limiting as to preclude any substantial gainful activity for at least twelve consecutive months. *See Kelley v. Chater,* 62 F.3d 335, 338 (10th Cir. 1995).

The Court reviews a final decision by the Commissioner by examining the administrative record and determining "whether the [ALJ's] factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010). However, the Court "may neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Harper v. Colvin*, 528 F. App'x 887, 890 (10th Cir. 2013) (quoting *Barnett v. Apfel*, 231 F.3d 687, 689 (10th Cir. 2000)). In other words, the Court does not reexamine the issues de novo. *Sisco v. U.S. Dep't of Health & Human Servs.*, 10 F. 3d 739, 741 (10th Cir. 1993). Thus, even when some evidence could support contrary findings, the Court "may not displace the agency's choice between two fairly conflicting views," even if the Court may

have "made a different choice had the matter been before it *de novo*." *Oldham v. Astrue*, 509 F.3d 1254, 1257-58 (10th Cir. 2007).

**A.     Legal Standard**

The Social Security Administration uses a five-step framework to determine whether a claimant meets the necessary conditions to receive Social Security benefits. *See* 20 C.F.R. §§ 404.1520, 416.920. The claimant bears the burden of proof at steps one through four, and if the claimant fails at any of these steps, consideration of any subsequent step or steps is unnecessary. *Williams v. Bowen*, 844 F.2d 748, 750 (10th Cir. 1988) ("If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary."). The Commissioner bears the burden of proof at step five. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

Step one requires the ALJ to determine whether a claimant is "presently engaged in substantial gainful activity." *Wall*, 561 F.3d at 1052 (quoting *Allen v. Barnhart*, 357 F.3d 1140, 1142 (10th Cir. 2004)). If not, the ALJ considers at step two whether a claimant has "a medically severe impairment or impairments." *Id.* "An impairment is severe under the applicable regulations if it significantly limits a claimant's physical or mental ability to perform basic work activities." *Wall*, 561 F.3d at 1052 (citing 20 C.F.R. § 404.1521). Next, at step three, the ALJ considers whether a claimant's medically severe impairments are equivalent to a condition "listed in the appendix of the relevant disability regulation," *i.e.*, the "Listings." *Wall*, 561 F.3d at 1052 (quoting *Allen*, 357 F.3d at 1142). "If a claimant's impairments are not equivalent to a listed impairment, the ALJ must consider, at step four, whether a claimant's impairments prevent her from performing her past relevant work." *Wall*, 561 F.3d at 1052 (citing *Allen*, 357 F.3d at 1142). "Even if a claimant is so impaired,

the agency considers, at step five, whether she possesses the sufficient [RFC] to perform other work in the national economy." *Id.*

## B.   Substantial Evidence

An ALJ must consider all evidence and explain why he or she finds a claimant not disabled. *Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996).  However, the ALJ need not specifically "reference everything in the administrative record."  *Wilson*, 602 F.3d at 1148. "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1140 (internal quotation marks omitted). "It requires more than a scintilla, but less than a preponderance." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).  A decision by the ALJ is not based on substantial evidence "if it is overwhelmed by other evidence in the record . . . ." *Grogan v. Barnhart*, 399 F.3d 1257, 1261-62 (10th Cir. 2005).  In other words, the Court's determination of whether the ALJ has supported his or her ruling with substantial evidence "must be based upon the record taken as a whole."  *Washington v. Shalala*, 37 F.3d 1437, 1439 (10th Cir. 1994). Further, evidence is not substantial if it "constitutes mere conclusion."  *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992).  In addition, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence." *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993).

### III.  Analysis

Plaintiff requests judicial review of the ALJ's decision denying her disability insurance benefits and supplemental security income. *Brief* [#10] at 2. Specifically, Plaintiff argues that: (1) the ALJ improperly assessed Plaintiff's treating physicians' opinions, (2) the ALJ's decision is not supported by substantial evidence, and (3) the ALJ improperly

assessed Plaintiff's ability to communicate in English.  *Id.*

The Court begins with Plaintiff's second argument first.  The ALJ found that Plaintiff could perform a range of "light work" and retained the ability to "lift/carry/push/pull up to 20 pounds occasionally and ten pounds frequently."  Tr. 19.  Plaintiff argues that substantial evidence does not support this finding.  The Court agrees.

In relevant part, "[l]ight work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds."  20 C.F.R. §§ 404.1567(b), 416 967(b).  The ALJ gave "significant weight" to the opinion of Dowan Boatright, M.D. ("Dr. Boatright") because "it is supported by exam findings and the medical evidence as a whole."  Tr. 23.  Dr. Boatright opined that Plaintiff could "lift five pounds continuously, ten pounds frequently, and fifteen pounds occasionally."  Tr. 347.  Light work requires a person to be able to lift twenty pounds at a time, but Dr. Boatright's opinion limited Plaintiff to fifteen pounds at a time.  20 C.F.R. §§ 404.1567(b), 416 967(b); Tr. 347.  Thus, if the ALJ relied on Dr. Boatright for this portion of the RFC, Plaintiff should have been limited to occasionally lifting fifteen pounds.  Thus, the Court must determine whether the ALJ specified any other evidence on which he relied in order to come to the conclusion that Plaintiff retained the ability to occasionally lift twenty pounds.

The ALJ gave "some weight" to the opinion of a State agency Single Decision Maker ("SDM") named Kris Vandeberg.  Tr. 23, 85, 88, 90, 91, 93, 98, 100.  The SDM found that a fifteen-pound lifting limitation was not supported by the evidence.  Tr. 85, 88, 93, 96.  Rather, the SDM found that Plaintiff could occasionally lift twenty pounds.  Tr. 88, 96.  However, the ALJ was not entitled to rely on the RFC assessment completed by the SDM, because such an opinion is entitled to no weight as an expert medical opinion, *see* 20

C.F.R. §§ 404.1527(f), 416.927(f), and does not constitute evidence from "other non-medical sources," *see* 20 C.F.R. §§ 404.1513(d)(4), 416.913(d)(4). *See Martinez v. Colvin*, No. 14-cv-2593-RBJ, 2016 WL 537937, at *2 (D. Colo. Feb. 11, 2016) ("An opinion by an SDM is not a medical opinion and is worthy of no weight in an ALJ's RFC assessment."). Although "the ALJ may afford weight to a state agency physician's opinion that adopts the SDM's findings," *see id.*, such does not appear to be the case here.

If the ALJ relied on any other portion of the record to find that Plaintiff could occasionally lift twenty pounds, such reliance is not clear from the Decision. Even though the Court does not insist on "technical perfection" in an ALJ's Decision, the Court must be able to follow the ALJ's reasoning. *See Keyes–Zachary v. Astrue*, 695 F.3d 1156, 1166 (10th Cir. 2012). As Plaintiff notes, "[w]hile this discrepancy may seem minor, it is significant in the outcome of this claim, as the jobs identified by the vocational expert were all light exertional jobs which would require that the claimant lift up to 20 pounds occasionally." *Reply* [#12] at 3 (citation omitted). If the ALJ relied solely on Dr. Boatright's assessment, then a fifteen-pound lifting limitation would preclude "light work" jobs, and Plaintiff would presumably be limited to sedentary work, which in turn would affect the ALJ's determinations regarding whether there are jobs which exist in significant numbers in the national economy which Plaintiff can perform given the other limitations in her RFC. *See* 20 C.F.R. §§ 404.1567(b), 416 967(b).

Because substantial evidence does not support the ALJ's RFC assessment, this case must be remanded for further proceedings.[4]

---

[4] The Court does not reach Plaintiff's remaining arguments, including those pertaining to the ALJ's assessment of the other opinions found in the medical record, as they may be impacted

## IV. Conclusion

For the foregoing reasons,

IT IS HEREBY **ORDERED** that the decision of the Commissioner that Plaintiff is not disabled is **REVERSED** and this matter is **REMANDED** for further proceedings consistent with this opinion.[5]

IT IS FURTHER **ORDERED** that Plaintiff is **AWARDED** her costs, to be taxed by the Clerk of the Court pursuant to Fed. R. Civ. P. 54(d)(1), D.C.COLO.LCivR 54.1, and 28 U.S.C. § 2412(a)(1). *See Knuutila v. Colvin*, __ F. Supp. 3d __, __, 2015 WL 5116723, at *5 (D. Colo. Aug. 31, 2015).

Dated:  March 18, 2016

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge

---

by the ALJ's review of the issues on remand.

[5]  The Court finds that this case does not present a proper occasion on which to exercise its discretion and direct the award of benefits. *See Nielson v. Sullivan*, 992 F.2d 1118, 1122 (10th Cir. 1993). By reversing the ALJ's decision, the Court does not find or imply that Plaintiff is or should be found disabled. *See, e.g., Knuutila v. Colvin*, __ F. Supp. 3d __, __, 2015 WL 5116723, at *5 n.5 (D. Colo. Aug. 31, 2015).